IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **KENNETH A. WHITE,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**EQUIFAX CREDIT INFORMATION** )<br>**SERVICES,** *et al.*, )<br>)<br>    **Defendants.** ) | **Civil Action No. 1:12-6374** |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's "Motion to Dismiss With Prejudice Defendant Experian Information Services" (Document No. 25.), filed on June 19, 2013. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL AND PROCEDURAL HISTORY

On October 9, 2012, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia. (Document No. 1, pp. 8 - 14.) Plaintiff names the following as Defendants: (1) Equifax Credit Information Services; (2) Experian Information Services; and (3) TransUnion Consumer Relation. (Id.) Plaintiff complains that Defendants have created "fraudulent accounts and identity theft which was reported on my credit report with inaccurate information." (Id.) Plaintiff requests monetary relief and that "his credit report be cleared up and placed back to a good standard." (Id.)

On October 9, 2012, TransUnion filed its Notice of Removal with this Court and Experian and Equifax filed their Consents to Removal. (Document No. 1.) TransUnion filed its Answer on October 15, 2012, and Experian and Equifax filed their Answers on October 16, 2012. (Document

Nos. 3, 5 and 6.) On May 24, 2013, Equifax and TransUnion filed a Joint Motion for Judgment on the Pleadings. (Document Nos. 19 and 20.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 28, 2013, advising him of the right to file a response to the Defendants' Motion for Judgment on the Pleadings. (Document No. 21.) On May 30, 2013, Plaintiff filed a Motion for Leave to Amend Complaint. (Document No. 22.) Plaintiff filed his Response in Opposition to Equifax and TransUnion's Joint Motion for Judgment on the Pleadings on June 13, 2013. (Document No. 23.) On June 14, 2013, TransUnion and Equifax filed their Response in Opposition to Plaintiff's Motion to Amend. (Document No. 24.)

On June 19, 2013, Plaintiff filed his "Motion to Dismiss With Prejudice Defendant Experian Information Services." (Document No. 25.) Specifically, Plaintiff requests that the Court dismiss his Complaint against Experian "with prejudice because Plaintiff and Defendant have reach a settlement agreement." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d

1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant Experian filed its Answer to Plaintiff's Complaint on October 16, 2012. On June 19, 2013, Plaintiff advised the Court that he wishes to dismiss his Complaint with prejudice as to Experian because the parties have reached a settlement agreement. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(2) and that the instant civil action be dismissed with prejudice as to Experian.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's "Motion to Dismiss With Prejudice Defendant Experian Information Services" (Document No. 25.), **DISMISS** Plaintiff's Complaint (Document No. 1.) with prejudice as to Experian Information Services, and refer this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 20, 2013.

R. Clarke VanDervort
United States Magistrate Judge