IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-06374 |
| | ) | |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Defendant Equifax Information Services, LLC's and Trans Union, LLC's Joint Motion for Judgment on the Pleadings" (Document No. 19.), filed on May 24, 2013; (2) Plaintiff's "Motion for Leave to Amend Complaint" (Document No. 22.), filed on May 30, 2013; and (3) Plaintiff's "Motion to Dismiss Defendants Equifax Credit Information Service and Trans Union Consumer Relation" (Document No. 35.), filed on October 22, 2013.

## PROCEDURAL AND FACTUAL HISTORY

On September 19, 2012, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia.[1] (Document No. 1, pp. 8 - 16.) Plaintiff names the following as Defendants: (1) Equifax Credit Information Service ["Equifax"]; (2) Experian Information Service ["Experian"]; and (3) Trans Union Consumer Relations ["Trans Union"]. (Id.) Plaintiff contends that "Fraudulent Accounts" and "Identity Theft"

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

resulted in inaccurate information being placed on his credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (<u>Id.</u>) Plaintiff claims that Horizon Financial, NCO Financial, and CBE Group were notified of the inaccurate information, but each failed to respond to Plaintiff's notification. (<u>Id.</u>, pp. 8 - 9.) Plaintiff further claims that Chase Account Numbers end in 8298, 6568, 1791, and 1250, were"paid by the Plaintiff in 2008 and closed by consumer's request." (<u>Id.</u>, p. 9.) Next, Plaintiff alleges that a Loan Application with "5th 3rd Bank, Account Number xx7053" is fraudulent. (<u>Id.</u>) Plaintiff states that he "has a copy of the Loan Application, which is not his signature placed on it." (<u>Id.</u>) Finally, Plaintiff states that "he was never late on his payments" with "GMAC, Account Number xxxxxxx2686." (<u>Id.</u>) Plaintiff states that "he paid the company off in 2007 and closed his account." (<u>Id.</u>) Plaintiff requests monetary relief and that "his credit report to be cleared up and placed back to a good standard." (<u>Id.</u>, p. 10.) As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of letter from Plaintiff to Defendants dated August 27, 2012, stating that he has "contacted all creditors" and requesting that "HNB Leasing xxxxxx6151" be removed from his credit report (<u>Id.</u>, p. 11.); (2) A copy of a letter from Plaintiff to Defendants dated August 23, 2012, stating that he has "contacted all creditors" and requesting that "CBE Group, #xxxxx7087, NCO FIN/99, #xxxxx6076" be removed from his credit report (<u>Id.</u>, p. 12.); (3) A copy of envelopes addressed to CBE Group and NCO FIN, which were "returned to sender" (<u>Id.</u>, p. 13.); and (4) A copy of the "Simple Interest Note and Security Agreement" with Fifth Third Bank dated December 22, 2008 (<u>Id.</u>, p. 14.).[2]

---

[2]  The undersigned notes that Plaintiff is a frequent filer. Specifically, Plaintiff has initiated seven other civil actions in this Court: (1) *White v. Huntington Nation Bank*, Civil Action No. 1:12-07503; (2) *White v. Old Republic National Title Insurance, et al.*, Civil Action 1:12-07965; (3) *White v. Allience One*, Civil Action No. 1:13-8738; (4) *White v. Sky Bank, et al.*, Civil Action 1:13-18342; (5) *White v. Sovereign Bank, et al.*, 1:13-24248; (6) *White v. Farmer Financial Services*,

On October 9, 2012, Trans Union filed its Notice of Removal and Experian and Equifax filed their Consents to Removal with this Court. (Document No. 1.) On October 15, 2012, Trans Union filed its Answer to Plaintiff's Complaint. (Document No. 3.) On October 16, 2012, Experian and Equifax filed their Answers to Plaintiff's Complaint. (Document Nos. 5 and 6.)

On May 24, 2013, Defendants Equifax and Trans Union filed a "Joint Motion for Judgment on the Pleadings" and Joint Memorandum in Support (Document Nos. 19 and 20.) Defendants argue that "Plaintiff's allegations against Defendants do no comply with *Iqbal*, do not provide proper notice to Defendants of the Claims asserted against them, and should, therefore, be dismissed." (Id.) First, Defendants argue that Plaintiff fails "to identify which of the few factual allegations set out in the Complaint pertain to Equifax, Trans Union or another party or entity (such as the furnishers of information)." (Id., p. 5.) Defendants state that "Plaintiff does not even identify Defendants at all in the four unnumbered paragraphs which constitute the entirety of his Complaint." (Id.) Defendants explain that Plaintiff "fails to allege that Defendants have violated any law, let alone allege any facts supporting violations." (Id.) Defendants state that Plaintiff "does not claim that Defendants have reported inaccurate information about him and fails to describe, with specificity, any facts that would support such an allegation in the unlikely event that such a claim was inferred." (Id.) Defendants further contend that Plaintiff "does not allege, or provide any factual support, that he contacted Defendants to dispute any of the accounts listed in the Complaint or that Defendants produced reports about Plaintiff containing inaccurate information." (Id., p. 6.) Defendants, therefore, argue that "Plaintiff has utterly failed the requirement imposed by the Supreme Court and applied in this Court that he show with his facts that he is entitled to relief." (Id.)

_____

Civil Action No. 1:13-24933; and (7) *White v. Fannie Mae, et al.*, Civil Action No. 1:13-29923.

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 28, 2013, advising him of the right to file a response to the Defendants' Motion for Judgment on the Pleadings. (Document No. 21.) On May 30, 2013, Plaintiff filed a "Motion for Leave to Amend Complaint." (Document No. 22.) In support of his Motion, Plaintiff states that he "is a pro se layman disputing Fair Credit Reporting and Debt Collection violations [and] [t]his claim was not properly articulated in the initial complaint." (<u>Id.</u>) Plaintiff states that he "alleges the inaccurate, false and mis-characterized credit reporting and debt collection practice violations hinder his ability to refinance a mortgage resulting in excessive accumulated losses through Defendants' intentional and knowing infringement." (<u>Id.</u>) Therefore, Plaintiff requests permission to amend his Complaint. (<u>Id.</u>)

Plaintiff filed his Response in Opposition to Defendants Equifax and Trans Union's Joint Motion for Judgment on Pleadings on June 13, 2013. (Document No. 23.) Plaintiff first argues that "before the Motion [for Judgment on Pleadings] was filed by Defendants, Plaintiff filed a motion requesting leave to amend his complaint due to deficiencies identified in the initial filing of the complaint." (<u>Id.</u>) Second, Plaintiff argues that the Court should grant his motion to amend because he is proceeding *pro se*. (<u>Id.</u>, p. 3.) Third, Plaintiff argues that "Defendants have been contacted and advised on numerous occasions of the fraudulent activity transpiring in several of Plaintiff's accounts and refuse to implement preventative measures." (<u>Id.</u>, p. 2.) Accordingly, Plaintiff requests that the Court grant his Motion to Amend and deny Defendants' Motion for Judgment on the Pleadings. (<u>Id.</u>, p. 4.)

On June 14, 2013, Defendants Equifax and Trans Union filed their Response in Opposition to Plaintiff's Motion to Amend. (Document No. 24.) Defendants argue that "Plaintiff's Motion to

Amend should be denied and all claims against Defendants dismissed with prejudice for the reasons stated in Defendants Equifax Information Services, LLC's and Trans Union, LLC's Joint Motion for Judgment on the Pleadings and because Plaintiff's Motion to Amend seeks relief that would be unfairly prejudicial to Defendants and futile." (Id., p. 1.) Defendants explain that "[o]ver nine months after Plaintiff filed his Complaint, and without taking any action to conduct discovery or otherwise prosecute his claims, Plaintiff now seeks leave to amend his Complaint." (Id., p. 3.) Defendants further argue that Plaintiff's Motion to Amend "fails to include any specific facts, affidavits or declarations to support Plaintiff's claims." (Id.) Defendant state that they would be prejudiced by the amendment because "Plaintiff's sole additional allegation in Plaintiff's Motion to Amend regarding alleged inaccurate credit reporting and difficulties with mortgage refinancing does not provide any more legal or factual specificity as to the purported claims against the Consumer Reporting Agencies." (Id., p. 5.) Finally, Defendants state that the amendment would be futile because "Plaintiff failed to submit any proposed amended complaint when filing his Motion to Amend and thus, one must refer only to those allegations that are contained therein to determine whether any proposed amendment would comply with Rule 12(b)(6)." (Id.)

On June 19, 2013, Plaintiff filed his "Motion to Dismiss With Prejudice Defendant Experian Information Services." (Document No. 25.) Specifically, Plaintiff requested that the Court dismiss his Complaint against Experian "with prejudice because Plaintiff and Defendant have reach a settlement agreement." (Id.) By Proposed Findings and Recommendation entered on June 20, 2013, the undersigned recommended that Plaintiff's "Motion to Dismiss with Prejudice Defendant Experian Information Services" be granted. (Document No. 26.)

On June 24, 2013, Defendants Equifax and Trans Union filed their Reply to Plaintiff's

Response in Opposition to the Joint Motion for Judgment on Pleadings. (Document No. 27.) Defendants continue to argue that their Motion for Judgment on the Pleadings should be granted because "Plaintiff, once again, has failed to allege any specific facts to support his claim regarding 'fraudulent credit reporting activities.'" (Id., p. 3.) Defendants state that "Plaintiff's Response not only is devoid of any new facts, but also completely ignores the Court's May 28, 2013, Order, which specifically explained what Plaintiff must do to cure the deficiencies in this Complaint." (Id.) Finally, Defendants argue that Plaintiff's *pro se* status does not entitle him to preferential treatment or to be exempted from complying with the Federal Rules of Civil Procedure. (Id.)

On July 2, 2013, Plaintiff filed his Reply to Defendant Equifax and Trans Union's Response in Opposition to Plaintiff's Motion to Amend. (Document No. 28.) In his Reply, Plaintiff appears to set forth his proposed Amended Complaint. (Id.) Specifically, Plaintiff alleges that he became the victim of identity theft on or about January, 2006, to present. (Id., p. 2.) Plaintiff claims that he did not "become aware of his victimization until 2010, when collection agencies began sending Plaintiff notices and warnings in the mail." (Id.) Plaintiff alleges that "he contacted Equifax Credit Information Service, Experian Information Services and Trans Union Consumer Relation (the Defendants in this case) to report theft identity and debt discrepancies."[3] (Id.) Plaintiff asserts that

---

[3]  Title 15 U.S.C. § 1681c-1(a)(1) provides as follows:

Upon the direct request of a consumer . . . who asserts in good faith a suspicion that the consumer has been or is about to become a victim of fraud or related crime, including identity theft, a consumer reporting agency described in section 1681a(p) of this title that maintains a file on the consumer and has received appropriate proof of the identity of the requester shall - -

(A) include a fraud alert in the file of that consumer, and also provide that alert along with any credit score generated in using that file, for a period of not less than 90 days, beginning on the date of such request, unless the consumer or such representative requests that such fraud alert be removed before the end of such period, and the agency

he notified Defendants by writing of the inaccurate information contained in his credit report due

to identity theft. (Id.) Plaintiff claims that he requested Defendants to conduct an investigation but

"Defendants remained adamant about continuing to report fraudulent debt accounts attached to

Plaintiff's (Mr. White's) name."[4] (Id.) Plaintiff contends that he requested an updated credit report,

but Defendants Equifax and Trans Union refuse to provide the credit reports.[5] (Id., p. 3.) Plaintiff

---

has received appropriate proof of the identity of the requester for such purposes; and

(B) refer the information regarding the fraud alert under this paragraph to each of the other consumer reporting agencies described in section 1681a(p) of this title, in accordance with process developed under section 1681s(f) of this title.

[4] Title 15 U.S.C. § 1681c-2(a) provides that "[e]xcept as otherwise provide in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from the alleged identity theft, not later than 4 business days after the date of receipt by such agency of - - (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (2) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer."

Title 15 U.S.C. § 1681i provides that if the "accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer."

[5] Title 15 U.S.C. § 1681j(c) provides that upon the request of the consumer, a consumer reporting agency shall provide the consumer with one free credit report, "during any 12-month period," if the "consumer certifies in writing that the consumer . . . (3) has reason to believe that the file on the consumer at the agency contains inaccurate information due to fraud." Additionally, Section 1681c-1(a)(2) provides that "[i]n any case in which a consumer reporting agency includes a fraud alert in the file of a consumer pursuant to this subsection, the consumer reporting agency shall (A) disclose to the consumer that the consumer may request a free copy of the file of the consumer pursuant to section 1681j(d) of this title." Section 1681j(d) provides that "[u]pon request of a consumer, a consumer reporting agency . . . shall make all disclosures pursuant to section 1681g of this title without charge to the consumer as provided in subsections (a)(2) and (b)(2) of section 1681c-1 of this title."

7

states that "[b]ecause of this, Plaintiff was unsure of what was on his credit report from any creditor

release he was accumulating." (Id.) Plaintiff argues that even though Defendants Equifax and Trans

Union have been notified of the inaccurate information, Defendants refuse to investigate and

continue to report inaccurate information on his credit report in violation of the FCRA. (Id., pp. 3 -

4.)

By Memorandum Opinion and Order entered on September 4, 2013, United States District

Judge David A. Faber adopted the undersigned's recommendation and granted Plaintiff's "Motion

to Dismiss with Prejudice Defendant Experian Information Services." (Document No. 30 and 31.)

On October 22, 2013, Plaintiff filed his "Motion to Dismiss Defendants Equifax Credit

Information Service and Trans Union Consumer Relation." (Document No. 35.) Specifically,

Plaintiff requests that Defendants be dismissed "at this time in order to file at a later time of

convenience." (Id.)

On November 6, 2013, Defendant Trans Union filed its Response in Opposition arguing that

"[d]ismissal without prejudice is inappropriate because Trans Union would be unfairly prejudiced."

(Document No. 36.) First, Trans Union argues that "Plaintiff filed his Complaint more than a year

ago and then took no further action to prosecute his claims for more than eight months, until

Defendants filed their Join Motion." (Id., p. 4.) Second, Trans Union argues that "Plaintiff three

times failed to cure the deficiencies of his Complaint, which had been painstakingly pointed out to

him by Defendants and the Court." (Id.) Third, Trans Union states that "Plaintiff provides no

explanation for his request to voluntarily dismiss his claims without prejudice, other than to say he

intends to re-file his claims." (Id.) Finally, Trans Union states that "[a]lthough trial preparation (and,

indeed, discovery) has not yet begun, Plaintiff's dilatoriness, as detailed herein, has forced Trans

Union to incur extensive costs and fees, even to this point in the litigation." (Id.) Trans Union, therefore, claims that "[t]o give Plaintiff a 'do-over' (notwithstanding his multiple failures to even state a claim upon which relief could be granted against Trans Union) would unfairly prejudice Trans Union." (Id.)

On November 21, 2013, Plaintiff filed his Reply arguing that his Complaint should not be dismissed "with prejudice." (Document No. 38.) Specifically, Plaintiff states as follows:

> Plaintiff simply contends that he dismisses the Defendants Trans Union and Equifax because all of the creditors in Plaintiff's original complaint have been deleted from his Trans Union and Equifax credit report [see Exhibit A the original complaint]. Plaintiff had other issues with different creditors that were listed on Trans Union and Equifax credit information and planned to file another complaint against these Defendants on these different creditor issues.

(Id., p. 1.) Plaintiff, therefore, requests that the Complaint be dismissed "'without prejudice' in order to file again against Defendants for an entirely different issue." (Id., p. 2.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow

9

voluntary dismissals unless the parties will be unfairly prejudiced." <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. <u>See</u> <u>Vosburgh v. Indemnity Ins. Co. of North America</u>, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." <u>Id.</u>

In consideration of the above factors, the undersigned finds that Plaintiff's Motion for Voluntary Dismissal Without Prejudice should be granted. Although Defendants Trans Union and Equifax have filed their Answers and Joint Motion for Judgment on the Pleadings, the undersigned finds that Defendants would not be substantially prejudiced by the voluntary dismissal of Plaintiff's Complaint. The undersigned notes that discovery and trial preparation have not yet begun in the instant case. Defendants have merely been subjected to the expense of preparing a Joint Motion for Judgment on the Pleadings and preparing a Response to Plaintiff's Motion to Amend. Furthermore, Plaintiff appears to state that he has resolved the dispute with Defendants concerning the creditors set forth in his Complaint. (Document No. 38.) Plaintiff, however, contends that he may have further claims against Defendants concerning additional inaccurate information included on his credit report. (<u>Id.</u>) Plaintiff indicates that he is unable to determine whether additional inaccurate information is included on his credit report because Defendants refused to provide him with an updated copy of his

credit report. (Document No. 28.) As stated above, substantial prejudice to a defendant does not result from the prospect of a second lawsuit. At the present stage of the litigation, the undersigned finds that Defendants would not be substantially prejudiced by the voluntary dismissal of Plaintiff's Complaint. Based upon the foregoing, the undersigned recommends that Plaintiff's "Motion to Dismiss Defendants Equifax Credit Information Service and Trans Union Consumer Relation" Without Prejudice (Document No. 35.) be granted, Plaintiff's "Motion for Leave to Amend Complaint" (Document No. 22.) be denied as moot, and Defendants' Joint Motion for Judgment on the Pleadings" (Document No. 19.) be denied as moot.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Plaintiff's "Motion to Dismiss Defendants Equifax Credit Information Service and Trans Union Consumer Relation" Without Prejudice (Document No. 35.); **DENY as moot** "Defendant Equifax Information Services, LLC's and Trans Union, LLC's Joint Motion for Judgment on the Pleadings" (Document No. 19.); and **DENY as moot** Plaintiff's "Motion for Leave to Amend Complaint" (Document No. 22.).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: January 8, 2014.

R. Clarke VanDervort
United States Magistrate Judge