```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

KENNETH A. WHITE,

    Plaintiff,

v.                                            CIVIL ACTION NO. 1:12-6374

EQUIFAX CREDIT INFORMATION
SERVICES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on January 8, 2014, in which he recommended that the district court grant plaintiff's "Motion to Dismiss Defendants Equifax Credit Information Service and Trans Union Consumer Relation" without prejudice; deny as moot "Defendant Equifax Information Services, LLC's and Trans Union, LLC's Joint Motion for Judgment on the Pleadings;" and deny as moot plaintiff's motion to amend complaint.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Defendants have objected to Magistrate Judge VanDervort's recommendation that dismissal be without prejudice and urge the court to dismiss plaintiff's claims against them with prejudice. Defendants argue that they will be prejudiced by a without prejudice dismissal because they have already been forced to expend significant resources in this case in an effort to secure their dismissal with prejudice.

According to our appeals court, "a plaintiff's motion for voluntary dismissal without prejudice should not be denied absent plain legal prejudice to the defendant."  Francis v. Ingles, 1 F. App'x 152, 154 (4th Cir. 2001).

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.  These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal.  Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit."  Davis v. USX Group, 819 F.2d 1270, 1275 (4th Cir. 1987).

Gross v. Spies, 1998 WL 8006, *5 (4th Cir. Jan. 13, 1998) (unpublished) (internal citations omitted).  A district court's decision to grant a motion for voluntary dismissal without prejudice is reviewed for an abuse of discretion.  Ellet Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001).

After considering the foregoing factors, the court finds that defendants' objection should be overruled and that the case should be dismissed without prejudice.  The first and fourth factors clearly weigh in favor of dismissal without prejudice.  The amount of time that has lapsed from the filing of the complaint notwithstanding, it is apparent that this case is in its infancy.  No discovery has taken place and defendants have filed a motion for judgment on the pleadings – not one for summary judgment.  See, e.g., Wellin v. Wellin, No. 2:13-cv-1831-DCN, 2014 WL 234216, *11 (D.S.C. Jan. 22, 2014) (finding dismissal without prejudice appropriate where parties had conducted no discovery and the only pending dispositive motion was one for judgment on the pleadings).  Indeed, although defendants bemoan the fact that they have been forced to file five briefs in this case, three of those briefs have been filed in opposition to plaintiff's motions to (1) amend his complaint; (2) proceed into discovery; and (3) dismiss his complaint.  The nature of these filings only serves to underscore this court's

conclusion that this case is in its early stages.  Indeed, in those cases where the Fourth Circuit has found a district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal, the cases had advanced far beyond the instant case.  See, e.g., Howard v. Inova Health Care Services, 302 F. App'x 166, 178-80, 2008 WL 5110970, *11-12 (4th Cir. Dec. 5, 2008) (affirming denial of voluntary motion to dismiss without prejudice where motion was filed two weeks before trial and parties had completed discovery); Francis v. Ingles, 1 F. App'x 152, 154 (4th Cir. 2001) (affirming district court's denial of motion to dismiss without prejudice because the "plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date" and because "the motivation for the motion appeared to be to circumvent" a discovery ruling, which counsel could have avoided "by deposing the witness within the discovery period"); Andes v. Versant Corp., 788 F.2d 1033, 1036-37 (4th Cir. 1986) (district court did not abuse its discretion in denying plaintiff's motion for voluntary dismissal without prejudice where defendants incurred significant expenses in discovery and filing motion for summary judgment).

   The second factor also weighs in favor of granting plaintiff's motion.  The court does not agree with defendants' assessment that plaintiff has exhibited a lack of diligence.  Plaintiff has sought to move his case along by filing a motion to

amend and a motion for discovery.  Furthermore, although more than a year has passed from the filing of the complaint, this is not a case that has languished nor has plaintiff failed to prosecute his action.

As to the third factor, i.e., plaintiff's explanation for the need for a voluntary dismissal, the court agrees with defendants that plaintiff's contention that he "does so at this time in order to file at a later time of convenience" would, standing alone, be insufficient.  However, plaintiff's reply brief elaborates on his reasons for seeking dismissal and, as Magistrate Judge VanDervort noted, it appears that certain information in plaintiff's credit report has changed since the filing of his complaint and certain of his claims have been resolved.  Viewed in conjunction with plaintiff's request for discovery, it appears that plaintiff is seeking an updated credit report to see if he still has viable claims against defendants.  Keeping in mind that "the prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)[,]" Ellett Bros., 275 F.3d at 388-89, the court agrees with Magistrate Judge VanDervort that plaintiff has provided an adequate explanation regarding his motion for voluntary dismissal.

Based on the foregoing, the court finds that defendants will not suffer substantial prejudice if the court grants

plaintiff's motion to dismiss this case without prejudice. Accordingly, defendants' objections to the PF&R are OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby:

1. **GRANTS** plaintiff's motion to dismiss defendants Equifax Credit Information Service and Trans Union Consumer Relation without prejudice (Doc. No. 35);

2. **DENIES** as moot defendants' motion for judgment on the pleadings (Doc. No. 19);

3. **DENIES** as moot plaintiff's motion to amend (Doc. No. 22); and

4. **DIRECTS** the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 27th day of March, 2014.

ENTER:

David A. Faber
Senior United States District Judge